UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID EUWEMA; and CHARYL
EUWEMA,

    Plaintiffs,

v.                                    Case No. 6:19-cv-1760-Orl-37LRH

OSCEOLA COUNTY; OSCEOLA
COUNTY FIRE RESCUE & EMS;
ORANGE COUNTY; ORANGE
COUNTY FIRE & RESCUE; CITY OF
ST. CLOUD; CITY OF ST. CLOUD FIRE
& RESCUE; CITY OF KISSIMMEE; CITY
OF KISSIMMEE FIRE DEPARTMENT;
and SCOTT KILMER,

    Defendants.
_____

## ORDER

Following Defendants Orange County and Orange County Fire & Rescue's (collectively, "**Orange County Defendants**") removal of this case (Doc. 1 ("**Notice**")), Plaintiffs David and Charyl Euwema move to remand. (Doc. 37 ("**Motion**").) Most Defendants oppose.[1] (Docs. 47, 50, 51, 52.) On review, the Motion is granted.

### I.    BACKGROUND

This case stems from Defendants' response to a fire at Plaintiffs' home. (*See* Doc. 1-1.) On July 28, 2016, a neighbor called 9-1-1 reporting a fire on Plaintiffs' porch in

---

[1] Defendants City of Kissimmee and City of Kissimmee Fire Department ("**Kissimmee Defendants**") didn't respond. City of Kissimmee moved to quash service on it and challenged service on City of Kissimmee Fire Department too. (*See* Docs. 38, 46.)

-1-

unincorporated Osceola County, Florida. (Doc. 1-1, ¶¶ 21–24.) Plaintiffs say the fire was "contained to the front porch[,] . . . was considerably small, and was nearly snuffed-out." (*Id.* ¶ 23.) Units from Defendants Osceola County Fire Rescue, Kissimmee Fire Department, St. Cloud Fire Rescue, and Orange County Fire Rescue were dispatched. (*Id.* ¶ 24.) Plaintiffs claim Defendants' actions (and inactions) upon arrival caused the home to burn to the ground and were in part because of Plaintiffs' unidentified disabilities. (*Id.* ¶¶ 25–29.) So Plaintiffs sued Defendants in state court for negligence and violations of the Americans with Disabilities Act ("**ADA**") and 42 U.S.C. § 1983. (*Id.* ¶¶ 51–290.)

On September 9, 2019, the Orange County Defendants—with Defendants Osceola County, Osceola County Fire Rescue & EMS, City of St. Cloud, and City of St. Cloud Fire Rescue's consent—removed the case under 28 U.S.C. § 1441(a) as Plaintiffs raised claims falling under federal question jurisdiction, such as ADA and § 1983 claims. (*See* Doc. 1, ¶¶ 4, 8; *see also id.* at 4.) The Notice stated the Orange County Defendants were unaware of whether any other Defendants had been served, including Defendant Scott Kilmer and the Kissimmee Defendants. (*See id.* ¶ 5.) The consenting Defendants then moved to dismiss the complaint. (*See* Docs. 9, 10, 35.) Defendant Scott Kilmer appeared and: (1) moved to seal, remove, or redact his home address from the record; (2) moved to dismiss the complaint; (3) moved to strike certain claims and damages requests; (4) and filed documents in compliance with Court orders. (Docs. 11, 12, 19, 20, 26, 33, 34.) Mr. Kilmer also filed a notice of consent to removal on October 8, 2019. (Doc. 36.)

Plaintiffs seek remand, arguing the Orange County Defendants' removal violated 28 U.S.C. § 1446(b)(2)'s unanimity requirement because the Notice wasn't joined by all

properly served Defendants. (Doc. 37.) Briefing complete (Docs. 47, 50, 51, 52, 64), the matter is ripe.

## II.  LEGAL STANDARDS

Removal jurisdiction exists when the court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). For removal to be proper, the removing party must comply with certain procedural requirements. *See* 28 U.S.C. § 1446. For example, "the law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001) (citations omitted), *abrogated on other grounds by Overlook Gardens Props., LLC v. ORIX USA, L.P.*, 927 F.3d 1194 (11th Cir. 2019); 28 U.S.C. § 1446(b)(2)(A). "The failure to join all defendants in the petition is a defect in the removal procedure." *In re Bethesda Mem'l Hosp.*, 123 F.3d 1407, 1410 n.2 (11th Cir. 1997).

A plaintiff may seek to remand an action back to state court based on a "procedural defect in the removal of the case." *Russell Corp.*, 264 F.3d at 1043–44 (citations omitted). Because of "significant federalism concerns arising in the context of federal removal jurisdiction," removal rules such as the unanimity requirement must be "strictly interpreted and enforced." *Id.* at 1049. "[A]mbiguities are generally construed against removal," *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1177 (11th Cir. 2006) (citation omitted), and "uncertainties are resolved in favor of remand." *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted). If procedural defects are present, remand is appropriate. *See* 28 U.S.C. § 1447(c).

## III.  ANALYSIS

At issue is whether the Orange County Defendants' removal violated 28 U.S.C. § 1446(b)(2)'s unanimity requirement. (*See* Doc. 37.) To satisfy the unanimity requirement, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Russell Corp.*, 264 F.3d at 1044. "[E]ach defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the thirty day period prescribed in § 1446(b)." *Gay v. Fluellen*, No. 8:06-cv-2382-T-30MSS, 2007 WL 676219, at *2 (M.D. Fla. Mar. 1, 2007) (citations omitted). The thirty-day period is calculated from "the date of service on that defendant or the removing defendant (whichever is later)." *Rodgers v. Atl. Contracting & Dev. Corp.*, No. 2:07-cv-533-FtM-34DNF, 2008 WL 11334891, at *3 (M.D. Fla. Sept. 3, 2008) (citing *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1204–05, 1206 n.8 (11th Cir. 2008)). On review, the Orange County Defendants' removal was procedurally defective.

The Notice reveals the Orange County Defendants removed this case without the consent of three Defendants. (*See* Doc. 1, ¶¶ 4–5.) At the time of removal, the Orange County Defendants "[were] unaware if and when other remaining Defendants may have been served" since the state court record didn't reflect service and they hadn't appeared. (*See id.* ¶ 5.) But "courts in the Eleventh Circuit have specifically recognized that the fact the removing defendant was unaware a defendant had been served does not provide a basis for excusing the removing defendant's failure to obtain consent from that defendant." *Rodgers*, 2008 WL 11334891, at *4 (citations omitted). So if any of the three non-consenting Defendants were properly served at the time of removal and failed to

timely consent, this is a procedural defect to removal warranting remand. *See* 28 U.S.C. § 1446(b)(2)(A); 28 U.S.C. § 1447(c).

As service on the Kissimmee Defendants is disputed (*see* Doc. 46), let's start with Defendant Scott Kilmer. Mr. Kilmer was served on September 5, 2019—before the removal. (*See* Doc. 37-1, p. 6.) It's undisputed this service was proper as counsel has appeared on Mr. Kilmer's behalf, he has filed multiple motions and other documents, and no pending motion challenges service. (*See* Docs. 8, 11, 12, 19, 20, 26, 33, 34, 36.) Mr. Kilmer filed his "Consent to Removal" expressing his consent on October 8, 2019 (*see* Doc. 36)—over thirty days after he was served. *See Rodgers*, 2008 WL 11334891, at *3 (discussing the thirty-day consent period).[2] Because Mr. Kilmer didn't timely consent, a procedural defect exists. *See Russell Corp.*, 264 F.3d at 1044; *see also Rodgers*, 2008 WL 1133481, at *4–7. And Mr. Kilmer's eventual consent is too little too late because it doesn't cure the defect. *See Rodgers*, 2008 WL 1133481, at *7 (noting "the fact that [a defendant] ultimately filed the required consents is not sufficient to cure the procedural defect.").

Seemingly recognizing the untimeliness of Mr. Kilmer's "Consent to Removal," the consenting Defendants argue he timely consented based on his conduct before the thirty-day window closed. (*See* Doc. 47, pp. 4–6; *see also* Doc. 50, pp. 4–5; Doc. 51; Doc. 52, p. 4.) They claim Mr. Kilmer consented by acknowledging and assenting to this Court's jurisdiction through, for example, moving to seal and moving to dismiss. (*See, e.g.*, Doc.

---

[2] Mr. Kilmer also filed his "Consent to Removal" more than thirty days after service on the removing Defendants—the Orange County Defendants—on August 20, 2019. (*See* Doc. 1, ¶ 3.) Using the deadline of thirty days from service on the Orange County Defendants yields the same untimely result. *See Rodgers*, 2008 WL 11334891, at *3.

47, pp. 4–6.) But not every action in this Court constitutes consent to removal. Instead, "each defendant must join in the removal by signing the notice of removal or by *explicitly* stating for itself its consent on the record, either orally or in writing." *Gay*, 2007 WL 676219, at *2 (emphasis added). Consent must be clear and unambiguous. *See Hill Dermaceuticals, Inc. v. RX Sols., United Health Grp., Inc.*, No. 6:08-cv-330-Orl-31KRS, 2008 WL 1744794, at *4 (M.D. Fla. Apr. 11, 2008) (citation omitted). Mr. Kilmer's litigation conduct doesn't qualify as his filings are silent on consent to removal. (*See* Docs. 11, 12, 20, 33, 34); *see also, e.g.*, *Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1329 (M.D. Fla. 2003) (answering doesn't constitute sufficient consent); *Zarr v. Luce*, No. 8:13-cv-1441-T-30AEP, 2013 WL 3581909, at *3 (M.D. Fla. July 11, 2013) (stating that "'consent must be express, not implied,' thus filing an answer or a motion to dismiss is an insufficient expression of consent" (quoting *Beard v. Lehman Bros. Holdings, Inc.*, 458 F. Supp. 2d 1314, 1321 (M.D. Ala. 2006))).[3] So Mr. Kilmer didn't timely consent. *Cf. Gay*, 2007 WL 676219, at *2 (discussing the explicit consent requirement).

---

[3] Defendants rely on many (un)persuasive cases for their contention that Mr. Kilmer's litigation conduct constitutes consent to removal; none from the Middle District of Florida. (*See, e.g.*, Doc. 47, pp. 4–6 (citing cases).) Even the unpublished Eleventh Circuit case cited by Defendants doesn't compel the Court to agree. In *Stone v. Bank of N.Y. Mellon, N.A.*, 609 F. App'x 979 (11th Cir. 2015), the court found the district court didn't err in refusing to remand a case in which one defendant didn't join the notice of removal but opposed remand. *Id.* at 981. Reliance on this case falls short for three reasons. First, nothing in *Stone* requires a district court to decline to remand when the unanimity requirement isn't met. *See id.* Second, because this opinion isn't published, it isn't binding precedent and is at most persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012). Third, this opinion goes against binding Eleventh Circuit law that says removal requirements must be strictly enforced, *see, e.g, Russell Corp.*, 264 F.3d at 1049, and persuasive case law from the Middle District of Florida. *See, e.g.*, *Rodgers*, 2008 WL 1133481, at *4–7.

Exceptions to the unanimity requirement exist, but none can save the Orange County Defendants. The exceptions are: "(1) the non-consenting defendants had not been served with process at the time the notice of removal was filed; (2) the unconsenting defendants are nominal or formal defendants; or (3) removal is pursuant to § 1441(c)." *Gay*, 2007 WL 676219, at *1 n.5 (citations omitted). If an exception applies, failure to obtain all the defendants' consent "will not render the removal defective." *Rodgers*, 2008 WL 1133481, at *4. There's no applicable exception here. Although proper service on the Kissimmee Defendants is disputed, Mr. Kilmer was properly served at the time of removal. (*See* Doc. 37-1, p. 6.) No Defendant argues Mr. Kilmer is a nominal or formal defendant. (*See* Docs. 47, 50, 52.) And removal was under § 1441(a) not § 1441(c)—§ 1441(c) is never mentioned in the Notice.[4] (*See* Doc. 1, p. 4.) Because no exception applies, failing to obtain Mr. Kilmer's timely consent renders the removal procedurally defective and warrants remand. *See, e.g.*, *Rodgers*, 2008 WL 1133481, at *4–7 (remanding because some properly served defendants filed their consent after the thirty-day deadline and no exception applied); *see also Diebel*, 262 F. Supp. 2d at 1328–32 (remanding because some properly served defendants never consented and no exception applied).

The only other possible lifesaver for the Orange County Defendants is permission

---

[4] Two Defendants argue unanimous consent wasn't required because removal was under § 1441(c): City of St. Cloud and City of St. Cloud Fire & Rescue. (*See* Doc. 50, pp. 6–7.) But they fail to cite to anything in the Notice that reveals removal was under § 1441(c) (*see* Doc. 50), and neither the Orange County Defendants (the removing Defendants) nor Mr. Kilmer (a non-consenting Defendant) make this argument (*see* Docs. 47, 52). So there is no basis for finding the Orange County Defendants removed the case under § 1441(c).

to amend the Notice to reflect the non-consenting Defendants' consent. *See Diebel*, 262 F. Supp. 2d at 1331–32 (discussing permissible amendment to a notice of removal). But the Orange County Defendants cannot now amend their Notice to correct this deficiency—that ship has sailed. *See id.* (finding that amendment to allege consent to removal is not appropriate over thirty days after removal). As it stands, the Orange County Defendants removed the case without Mr. Kilmer's consent, and he didn't expressly consent until it was too late. And because removal was without the consent of at least one Defendant, the Court need not now resolve whether the Kissimmee Defendants were properly served. *Cf. Russell Corp.*, 264 F.3d at 1044. Thus, strictly interpreting and enforcing the unanimity requirement, the case is due to be remanded for this procedural defect. *See* 28 U.S.C. § 1447(c); *see also Russell Corp.*, 264 F.3d at 1044 ("Like all rules governing removal, [the] unanimity requirement must be strictly interpreted and enforced because of significant federalism concerns arising in the context of removal jurisdiction." (citation omitted)); *Rodgers*, 2008 WL 11334891, at *2 ("Indeed, failure to obtain the unanimous consent of *all* defendants is a procedural defect which generally warrants remand." (emphasis added)). The Motion is granted.[5]

### IV. CONCLUSION

---

[5] Defendants also plead for the Court to excuse Mr. Kilmer's untimely consent because if the Kissimmee Defendants were improperly served, this finding may "moot" the issue and Plaintiffs aren't prejudiced by his untimely consent. (*See* Doc. 50, pp. 7–8.) But the Court isn't free to ignore the lack of timely unanimity raised by Plaintiffs. *See Rodgers*, 2008 WL 1133481, at *2 ("The Court is not permitted to simply ignore a procedural defect when that defect has been raised by the plaintiff in a timely filed motion to remand, even if the procedural defect is viewed as trivial or inadvertent.").

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiffs' Motion to Remand and Incorporated Memorandum of Law in Support Thereof (Doc. 37) is **GRANTED.**

2. This action is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida.

3. The Clerk is **DIRECTED** to terminate all pending motions and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 5, 2019.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
The Circuit Court of the Ninth Judicial Circuit
 in and for Osceola County, Florida